FILED by GM D.C.

ELECTRONIC

August 26, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-22511-HOEVELER/GARBER**

ELIZABETH LOREDO, an individual

      Plaintiff,

v.

CITRUS HEALTH NETWORK, INC a Florida
Corporation

      Defendant.
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C.A., Section 12102. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1343(a)(4) and . This suit is also brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. 760 et seq., over which this Court has supplemental jurisdiction.

2. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under the state law, in that the claims arise out of the same nucleus of operative facts and are such that they would ordinarily be expected to be tried in one judicial proceeding.

3. Plaintiff, ELIZABETH LOREDO (Plaintiff) is a citizen of the United States and the State of Florida, and at all times material hereto was a resident of Miami-Dade County, Florida.

1

4. At all relevant times Defendant, CITRUS, is a Florida Corporation, licensed to do business and doing business within the State of Florida, and in Miami-Dade County, Florida.

5. At all material times, Defendant, has employed fifteen (15) or greater employees for each regular working day in each of twenty (20) or more calendar weeks in the current and/or preceding calendar year, and is otherwise an "employer" within the meaning of The Americans with Disabilities Act of 1990, 42 U.S.C.A., Section 12102 and Title VII and the Florida Civil Rights Act.

6. As a direct and proximate result of Defendant's violation of existing law, as described herein below, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorneys' fees and costs pursuant to 42 U.S.C. 2000e-5(k), Federal Rules of Civil Procedure 54, and Florida Statute Section 760.10(5).

## CONDITIONS PRECEDENT

7. The Plaintiff has filed timely administrative charges of employment discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff also duel filed her charge of employment discrimination in violation of Title I of The Americans with Disabilities Act of 1990 with the Florida Commission of Human Relations. Plaintiff has complied with all conditions precedent before filing suit under the Americans with Disabilities Act of 1990 and the Florida Civil Rights Act in that this lawsuit was filed after this matter had been pending before the Florida Commission on Human Relations for more than 180 days. This lawsuit was further filed within four years of the discriminatory acts complained of herein.

2

9. On May 29, 2009 The EEOC issued a Notice Of Determination and Rights, allowing the Plaintiff the right to bring suit against the Defendant within 90 day from the date of receipt thereof. Plaintiff received said notice on June 1, 2009.

10. Plaintiff has otherwise complied with all conditions precedent to the filing of an action for violation of The Americans with Disabilities Act of 1990, 42 U.S.C.A., Section 12102, and Title VII.

## FACTUAL BACKGROUND

11. Plaintiff worked for the Defendant, Mental Health Facility, in Miami Florida, from approximately February 2007 until she was terminated on or about December 1, 2008.

12. From the time Plaintiff was hired until her termination she was employed as a medical Assistant for Defendant.

13. On or about November 20, 2007 Plaintiff had an incident related to an undiagnosed health condition, which caused her to be placed on short-term disability for a period of six months. Plaintiff provided Defendant with orders from he physician that she would be unable to work due to a medical condition.

14. In January 2008, Plaintiff was conclusively diagnosed with Multiple Sclerosis, and advised her supervisor, Vivian Jordan of the diagnosis.

15. After receiving clearance from her physicians, in or about April 2008, Plaintiff returned to work, willing and able to perform the essential functions of her job.

16. Upon her return, and after each doctors appointment over the next several months, Plaintiff was told by her supervisor, Vivian Jordan, that she considered Plaintiff an insurance liability and a danger to those she aided, due to her medical condition.

17. Additionally, despite knowledge of Plaintiff's medical condition, Ms. Jordan began scrutinizing, and instructing the supervising nurse to scrutinize Plaintiffs work in an effort to find ways bring about Plaintiff termination. Specifically, they would look for insignificant spelling and punctuation errors, and chastise her for same. Additionally, Ms. Jordan and the supervising nurse would give Plaintiff conflicting instructions on how to complete a task, including but not limited to the storage of files, and would chastise her when the task was completed in accordance with one set of instruction, but not another. Instead of making accommodations for Plaintiff's condition, Jordan made it more difficult for Plaintiff to do her job function, all in an effort to bring about Plaintiff's termination.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA, 42 U.S.C.A. 12101, ET SEQ.

18. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if full set forth herein again at length.

19. At all times material, Plaintiff was and is a legally blind individual.

20. At all material times, Defendant knew that Plaintiff was an individual living with a disability. To wit: Plaintiff was suffering from Multiple Sclerosis.

21. Prior to her termination on December 1 2008, Plaintiff was a good employee, who during the term of her employment with Defendant, was an individual qualified to meet her job functions.

22. Defendant discriminated against Plaintiff by harassing her and terminating her because of her Multiple Sclerosis, by treating her dissimilarly than other similarly situated

4

employees with respect to the terms and conditions of her employment because of her disability, all in violation of The Americans with Disabilities Act of 1990, 42 U.S.C.A. 12101, et seq.,

23. The effect of the conduct complained of herein above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

24. The unlawful conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

25. Defendant's unlawful acts of discrimination and retaliation were intentional and done with malice or reckless indifference to Plaintiff's rights under federal and state law.

26. As a direct and proximate result of Defendant's violation of existing law, as described herein, Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorney's fees and costs pursuant to 42 U.S.C. 2000e-5(K) and Federal Rule of Civil Procedure 54, and Florida Statute Section 760.10(5).

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay, front pay, compensatory damages, lost benefits, emotional distress, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief, and any such relief that Plaintiff may be entitled to under the law or in equity.

## COUNT II:
## DISCRIMINATION IN VIOLATION OF THE FLORIDA
## CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

27. Plaintiff, repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if full set forth herein again at length.

28. At all material times, Defendant knew that Plaintiff was an individual living with a disability. To wit: Multiple Sclerosis.

29. At all material times, Defendant was made aware and knew that Plaintiff suffering from said disability.

30. Prior to her termination on December 1, 2008, Plaintiff was an individual qualified to meet her job functions.

31. Defendant discriminated against Plaintiff by terminating her because of her blindness, by treating her dissimilarly than other similarly situated employees with respect to the terms and conditions of her employment because of her disability, all in violation of Florida Civil Rights Act of 1992, Fl. Stat. Section 760, et seq.,

32. The effect of the conduct complained of herein in above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of her disability.

33. The unlawful conduct of Defendant described above was done with oppression and malice; with a reckless and conscious disregard for Plaintiff's rights; and with intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct in that Defendant. By

6

reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

34. Defendant's unlawful acts of discrimination and retaliation were intentional and done with malice or reckless indifference to Plaintiff's rights protected under state law.

35. As a direct and proximate result of Defendant's violation of existing law, as described herein, Plaintiff has retained the services of counsel and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff is entitled to recovery of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54, and Florida Statute Section 760.10(5).

36. Defendants discrimination against Plaintiff, caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay, front pay, compensatory damages, lost benefits, emotional distress, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief, and any such relief that Plaintiff may be entitled to under the law or in equity.

Plaintiff Demands trial by Jury on all issues so triable.

DATED August 24, 2009.

DARREN J. ROUSSO, P.A.
9350 South Dixie Highway, Suite 1200
Miami, Fl. 33156
Phone: (305) 670-6669
Facsimile: (305) 670-6666

By: _____
DARREN J. ROUSSO, ESQ.
Florida Bar #0097410

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

August 26, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
ELIZABETH LOREDO, an individual

## DEFENDANTS
CITRUS HEALTH NETWORK, a Florida Corporation

(b) County of Residence of First Listed Plaintiff: **MIAMI-DADE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **MIAMI-DADE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Darren Rousso, P.A.
9350 South Dixie Highway, Suite 1200
Miami, Florida 33156     (305) 670-6669

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE/HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09cv22511-HOEVELER/GARBER

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO     b) Related Cases ☐ YES ✓ NO

JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

The Americans with Disabilities Act of 1990, 42 U.S.C.A., Section 12102. Discrimination in Emplyment based on Medical Condition, Multiple Sclerosis.

LENGTH OF TRIAL via **5** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 8/25/09

FOR OFFICE USE ONLY
AMOUNT $350.00     RECEIPT # 1007256
08/26/09